## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **THOMAS TRAWICK,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **4:18-CV-4715** |
| **v.** | |
| **DIVERSIFIED CONSULTANTS, INC.,** | **COMPLAINT** |
| **ENHANCED RECOVERY COMPANY, LLC,** | |
| **EQUIFAX INFORMATION SERVICES, LLC,** | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | **JURY TRIAL DEMANDED** |
| **FRANKLIN COLLECTION SERVICES, INC.,** | |
| **and TRANS UNION, LLC,** | |
| **Defendants.** | |

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer, Roy Jenkins, Sr.,

against Defendants Enhanced Recovery Company, LLC, Equifax Information Services, LLC,

Experian Information Solutions, Inc., Diversified Consultants, Inc., Franklin Collection Services

and Trans Union, LLC, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§

1681, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692, *et seq.*

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. §1692k and 28

U.S.C. § 1331 and 28 U.S.C. § 1337.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff is an adult individual and resides at 17943 Highway 242, Conroe, Texas

77032.  Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c).

5.      Defendant Diversified Consultants, Inc. ("DCI") is a business entity that regularly conducts business in this judicial district, and which has a principal place of business located at 10550 Deerwood Pk. Blvd, Suite 708, Jacksonville, Florida 32256.  The principal purpose of DCI is the collection of debts already in default using the mail and telephone, and ERC regularly attempts to collect said debts.  DCI is also a person as defined by the FCRA[1].

6.      Defendant Enhanced Recovery Company, LLC ("ERC") is a business entity that regularly conducts business in this judicial district, and which has a principal place of business located at 8014 Bayberry Drive, Jacksonville, Florida 32256.  The principal purpose of ERC is the collection of debts already in default using the mail and telephone, and ERC regularly attempts to collect said debts.  ERC is also a person as defined by the FCRA[2].

7.      Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency that regularly conducts business in this judicial district, and which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

8.      Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in this judicial district, and which has a principal place of business located at 475 Anton Blvd., Costa Mesa, California 92626.

9.      Defendant Franklin Collection Services, Inc. ("FCSI"), is a business entity that regularly conducts business in this judicial district, and which has a principal place of business located at 105 S. Front Street, Tupelo, Mississippi 38804.  The principal purpose of FCSI is the

---

[1] Plaintiff is making a claim against DCI under § 1681s-2(b).  Plaintiff is not making a claim against said defendant under § 1681s-2(a).

[2] Plaintiff is making a claim against ERC under § 1681s-2(b).  Plaintiff is not making a claim against said defendant under § 1681s-2(a).

collection of debts already in default using the mail and telephone, and FCSI regularly attempts to collect said debts.  FCSI is also a person as defined by the FCRA[3].

10.     Defendant Trans Union, LLC, ("Trans Union") is a consumer reporting agency that regularly conducts business in this judicial district, and which has a principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## FACTUAL ALLEGATIONS

11.     Defendants been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least 2017. The inaccurate information includes numerous tradelines, including, but not limited to, collection accounts with DCI, ERC, FCSI, addresses, personal identifying information and inquiries.

12.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff and that actually belong to another consumer. Due to the Defendants' faulty procedures, Defendants have mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information.

13.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.  The consumer reporting agency ("CRA") defendants have repeatedly published and disseminated consumer reports to such third parties from at least 2016 through the present.

---

[3] Plaintiff is making a claim against FCSI under § 1681s-2(b).  Plaintiff is not making a claim against said defendant under § 1681s-2(a).

14.     Plaintiff has disputed the inaccurate information with Equifax, Experian and Trans Union by following said defendants' established procedures for disputing consumer credit information.

15.     Plaintiff has disputed the inaccurate information with Defendants since 2017.

16.     Notwithstanding Plaintiff's efforts, Equifax and Experian sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and said defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.   Equifax and Experian have repeatedly published and disseminated consumer reports related to Plaintiff to third parties during the two years prior to Plaintiff's lawsuit.

17.     Notwithstanding Plaintiff's efforts, Trans Union repeatedly published and disseminated consumer reports related to Plaintiff to third parties during the two years prior to Plaintiff's lawsuit.

18.     Despite Plaintiff's efforts, the CRA Defendants did not: (1) contact Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) conduct any handwriting analysis; (4) make a reasonable inquiry into the dispute information; (5) review all relevant information; (6) review underlying account documents;  (7) request or obtain any credit applications, or other relevant documents.

19.     Upon information and belief, the CRA Defendants notified DCI, ERC and FCSI of Plaintiff's disputes.

20.     Notwithstanding Plaintiff's disputes, DCI, ERC and FCSI have also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being notified by a

consumer reporting agency of Plaintiff's disputes.   Upon conclusion of DCI, ERC and FCSI's ineffective investigations, each willfully continued to report inaccurate information to the CRAs.

21.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations and/or investigations of the above disputes as required by the FCRA, have failed to remove all of the inaccurate information, and have continued to credit report the derogatory inaccurate information about the Plaintiff.

22.     The alleged debts reported by ERC, DCI and FCSI arose out of transactions which were primarily for personal, family or household purposes.

23.     At all pertinent times hereto, Plaintiff was not responsible for the debts.

24.     Notwithstanding the above, ERC, DCI and FCSI have been falsely furnishing and/or reporting the information about the debts in connection with Plaintiff's credit history to credit reporting agencies when they knew or should have known that the debts did not belong to Plaintiff.

25.     The debts negatively reflect upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

26.     The debts include collection accounts.

27.     Collection accounts reduce consumers' credit scores.

28.     ERC, DCI and FCSI knew, or should have known, that their actions violated the FDCPA.  Additionally, ERC, DCI and FCSI could have taken the steps necessary to bring their agents' actions within compliance of the law, but neglected to do so, and failed to adequately review those actions to insure compliance with the FDCPA.

29.     At all pertinent times hereto, Plaintiff was not responsible for the disputed debts.

30.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of denial of credit, lost credit opportunities, harm to credit reputation and credit score, out-of-pocket expenses, interferences with his usual and normal activities, and emotional distress, including humiliation and embarrassment.

31.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

32.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## <u>COUNT ONE – VIOLATIONS OF THE FCRA</u>

### (Plaintiff v. Equifax)

33.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34.     At all times pertinent hereto, Equifax was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

35.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

36.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

37.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. §§ 1681e(b) and 1681i.

38.     The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Equifax is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## <u>COUNT TWO – VIOLATIONS OF THE FCRA</u>

### **(Plaintiff v. Experian)**

39.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40.     At all times pertinent hereto, Experian was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

41.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

42.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

43.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Experian is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. §§ 1681e(b) and 1681i.

44.     The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Experian is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT THREE – VIOLATIONS OF THE FCRA

### (Plaintiff v. Trans Union)

45.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46.     At all times pertinent hereto, Trans Union was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

47.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

48.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

49.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Trans Union is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. §§ 1681e(b) and 1681i.

50.     The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT FOUR – VIOLATIONS OF THE FCRA

### (Plaintiff v. DCI)

51.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52.     At all times pertinent hereto DCI was a "person" as that term defined by 15 U.S.C. § 1681a(b).

53.     At all times pertinent hereto, DCI was a "user" and a "furnisher" of credit information as defined by the FCRA.

54.     DCI violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers and users of information pursuant to 15 U.S.C. § 1681s-2(b).

55.     DCI's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result DCI is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT FIVE – VIOLATIONS OF THE FDCPA

### (Plaintiff v. DCI)

56.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57.     DCI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

58.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

59.     The above reporting of the inaccurate information to credit reporting agencies by DCI are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

60.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

61.     DCI violated the FDCPA.  DCI's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

      a.      The false representation of the amount, character or legal status of a debt;

      b.      Communicating or threatening to communicate to any person credit information which is known, or which should be known, to be false; and

      c.      Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

62.      DCI's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

63.      As a result of the above violations of the FDCPA, DCI is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT SIX – VIOLATIONS OF THE FCRA

### (Plaintiff v. ERC)

64.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

65.      At all times pertinent hereto ERC was a "person" as that term defined by 15 U.S.C. § 1681a(b).

66.      At all times pertinent hereto, ERC was a "user" and a "furnisher" of credit information as defined by the FCRA.

67.      ERC violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers and users of information pursuant to 15 U.S.C. § 1681s-2(b).

68.      ERC's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result ERC is liable to compensate Plaintiff for the full amount of statutory, actual and

punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT SEVEN – VIOLATIONS OF THE FDCPA

### (Plaintiff v. ERC)

69.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

70.     ERC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

71.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

72.     The above reporting of the inaccurate information to credit reporting agencies by ERC are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

73.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

74.     ERC violated the FDCPA.  ERC's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

          a.     The false representation of the amount, character or legal status of a debt;

          b.     Communicating or threatening to communicate to any person credit information which is known, or which should be known, to be false; and

          c.     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

75.     ERC's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

76.     As a result of the above violations of the FDCPA, ERC is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

77.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

## COUNT EIGHT – VIOLATIONS OF THE FCRA

### (Plaintiff v. FCSI)

78.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

79.     At all times pertinent hereto FCSI was a "person" as that term defined by 15 U.S.C. § 1681a(b).

80.     At all times pertinent hereto, FCSI was a "user" and a "furnisher" of credit information as defined by the FCRA.

81.     FCSI violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers and users of information pursuant to 15 U.S.C. § 1681s-2(b).

82.     FCSI's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result FCSI is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT NINE – VIOLATIONS OF THE FDCOA

### (Plaintiff v. FCSI)

83.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

84.     FCSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

85.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

86.     The above reporting of the inaccurate information to credit reporting agencies by FCSI are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

87.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

88.     FCSI violated the FDCPA.  FCSI's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

      a.     The false representation of the amount, character or legal status of a debt;

      b.     Communicating or threatening to communicate to any person credit information which is known, or which should be known, to be false; and

      c.     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

89.     FCSI's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

90.     As a result of the above violations of the FDCPA, FCSI is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## **JURY TRIAL DEMANDED**

91.     Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants for each count, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees; and

(e)     Such other and further relief as may be necessary, just and proper.


Respectfully Submitted,

*/s/ Micah S. Adkins*
Micah S. Adkins (TX Bar No.: 24088777)
SD Texas Federal Bar No.: 2338097
**THE ADKINS FIRM, P.C.**
1025 Westhaven Blvd., Suite 220
Franklin, Tennessee 37064
Telephone:     (615) 370-9659
Facsimile:      (615) 370-4099
Email: MicahAdkins@ItsYourCreditReport.com
*Counsel for Plaintiff Thomas Trawick*